IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANDRE RAMON COOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:04CV01119 |
| v. | ) | 1:02CR261-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Andre Ramon Cooper, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (Docket no. 1; tr. of rearraignment, reentry of plea, and sentencing hearing.) The court sentenced him to 180 months in prison. (Docket no. 28.) Petitioner appealed and argued that the court erred in denying his motion to suppress evidence seized from the warrantless search of Petitioner's vehicle, but the Fourth Circuit affirmed the judgment. (Docket no. 36.) The Supreme Court denied certiorari on December 8, 2003. (Docket no. 38.)

Petitioner then filed this section 2255 motion. (Docket no. 39.) He raises three grounds for relief based on ineffective assistance of counsel and one based on *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004), as supplemented in his motion to amend. (Docket nos. 39, 42.) Respondent has responded to the motion. (Docket no. 47.) Petitioner has replied to that response. (Docket no. 48.) The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

Petitioner initially entered a guilty plea to the firearm offense which provided that his maximum term of imprisonment was ten years. (Docket no. 18.) When Petitioner's presentence report was completed, however, he was found to be an armed career criminal

subject to a fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e)(1). (PSR ¶¶ 21, 95.) Although counsel objected to the longer sentence, he advised Petitioner that he had two choices. (Docket no. 47, ex. B & attachment 1.) These choices were to have his guilty plea vacated by the court and plead not guilty or to have his guilty plea vacated by the court and plead guilty again with the fifteen-year mandatory minimum sentence as part of his plea. (*Id*.) Counsel gave this advice based on *United States v. Rodriquez*, 205 F.3d 1336 (4th Cir. 2000) (unpublished). Petitioner chose to plead guilty again knowing that he would be subject to the fifteen-year mandatory minimum. (Tr. of rearraignment, reentry of plea, and sentencing hearing.) The court then sentenced him to the fifteen-year mandatory minimum sentence. (Docket no. 28.)

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *cert. denied*, 507 U.S. 923, 113 S. Ct. 1289, 122 L.Ed.2d 681 (1993), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). In the case of a guilty plea, Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985).

In his first ground for relief, Petitioner alleges that counsel rendered ineffective assistance by advising him that the court would be compelled to vacate Petitioner's guilty plea and advising him to withdraw his plea and plead guilty again to the offense with the

2

enhanced penalty. (Docket no. 39, attached memo. at 6.) Petitioner claims that his new plea was not voluntarily entered. (*Id*.) Petitioner seeks to be sentenced under his original plea agreement with the ten-year statutory maximum. (*Id*.)

Counsel relied upon *Rodriquez* in advising Petitioner. In that case the defendant had entered a guilty plea to firearm offenses and was advised that his maximum sentence on each count was ten years. (Docket no. 47, ex. C.) The defendant was an armed career criminal subject to the fifteen-year mandatory minimum sentence under section 924(e), however. The court sentenced the defendant to 210 months. (*Id*.) Rodriquez argued on appeal that the court had committed a Rule 11 error by not advising him of the fifteen-year mandatory minimum sentence. He wanted his case to be remanded for resentencing in accordance with his plea agreement, in other words to the maximum ten-year sentence. (*Id*.) The government conceded the Rule 11 error, but argued that the remedy was to remand the case so that Rodriquez could withdraw his plea and plead anew. The Fourth Circuit rejected Rodriquez's proposed remedy and remanded the case so that he could plead anew. (*Id*.)

Under the reasoning of *Rodriquez*, counsel did not perform unreasonably in advising Petitioner.[1] The remedy that Petitioner seeks is the same that Rodriquez sought, and which the Fourth Circuit rejected. Petitioner had no right to insist upon being sentenced to a maximum ten-year sentence. A court must impose a sentence, or alter an invalid sentence already imposed, even if the severity of the sentence is increased, when the statute so requires. *Thompson v. United States*, 495 F.2d 1304, 1306 (1st Cir. 1974) (relying on *Bozza v. United States*, 330 U.S. 160, 67 S. Ct. 645, 91 L.Ed. 818 (1947) in finding no error in court

---

[1] Petitioner contends that because *Rodriquez* is an unpublished case, it is not instructive on the disposition of his case. (Docket no. 48 at 2.) The court disagrees. The opinion at least shows how three circuit judges analyze the issue, thus counsel could hardly be unreasonable in applying the reasoning of that case to Petitioner's case. Further, even though the opinion itself is unpublished, the opinion relies upon published cases in arriving at the remedy. *See United States v. Tunning*, 69 F.3d 107, 115 (6th Cir. 1995) (stating when Rule 11 error concerns defendant's state of mind proper remedy is to vacate and remand so defendant can plead anew); *United States v. Goins*, 51 F.3d 400, 405 (4th Cir. 1995) (holding that when defendant not informed of mandatory minimum sentence, sentence must be vacated and case remanded for repleading).

increasing sentence as statutorily required upon claim that new sentence violated defendant's double jeopardy rights.) Petitioner's only options were to either plead not guilty and go to trial or plead guilty again subject to the statutorily-required mandatory minimum sentence. Therefore, counsel's advice was reasonable. Petitioner also cannot show any resulting prejudice. His first ground for relief should be dismissed. *See Strickland*, 466 U.S. 668.

Petitioner's second ground for relief is that counsel's misadvice induced him to withdraw his guilty plea and reenter his plea with the enhanced penalty and that this constitutes double jeopardy. (Docket no. 39, attached memo. at 8.) This is in effect the same claim as ground one. The claim is that counsel performed unreasonably in recommending that Petitioner plead anew. However, as pointed out above, this was not unreasonable advice. Also, as the *Thompson* case holds, there is no violation of the double jeopardy clause when the court alters a statutorily-invalid sentence in a way which might increase its severity, when it must do so to comply with the statute. Here, Petitioner freely withdrew his guilty plea to reenter it with the enhanced penalty. (Tr. of rearraignment, reentry of plea, and sentencing hearing.) He was aware of the penalties he would face. Therefore, he was not subjected to double jeopardy, and his plea was voluntary and knowing. Counsel did not perform unreasonably and no prejudice can be shown. This second ground for relief should be dismissed. *See Strickland*, 466 U.S. 668.

Petitioner's third ground for relief is that counsel failed to address Petitioner's warrantless arrest and seizure. (Docket no. 39, attached memo. at 10.) Petitioner contends that his consent to the search was not valid which resulted in the seizure of the firearm. (*Id*.) Counsel filed a motion to suppress the firearm. (Docket no. 10.) The court held a hearing and denied that motion. (Docket no. 17.) Counsel preserved the issue for appeal by having Petitioner enter a conditional guilty plea. He raised the issue on appeal, but the Fourth Circuit rejected the argument and affirmed the judgment. (Docket no. 35.) The Fourth Circuit found that the court relied on its assessment of the credibility of the witnesses in

4

determining that Petitioner consented to the search of his vehicle. (*Id*.) Thus, counsel argued this issue at every possible point in Petitioner's criminal prosecution. The outcome was due to the testimony of the witnesses and their credibility. Petitioner has failed to show any unreasonable performance of counsel or any prejudice. *See Strickland*, 466 U.S. 668. This ground for relief should be dismissed.

Petitioner's final ground for relief contains claims based on *Blakely v. Washington*, and supplemented by the more recent cases of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005) and *Shepard v. United States*, __ U.S. __, 125 S. Ct. 1254, 161 L.Ed.2d 205 (2005). (Docket no. 39, attached memo. at 10; docket no. 42.) Although the Supreme Court has now decided that the reasoning of *Blakely* does apply to the federal sentencing guidelines, this decision is not retroactively applicable in collateral proceedings such as this case. *See Booker*, 125 S. Ct. 738 (decision to be applied only to cases not yet final when decision issued); *see also Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 159 L.Ed.2d 442 (2004) (*Ring* and *a fortiori Apprendi* does not apply retroactively on habeas review). Because Petitioner's judgment became final in 2003, and *Booker* was decided in 2005, it would have to be applied retroactively to benefit Petitioner. This cannot be done, therefore his claims based upon *Booker* and *Blakely* do not merit any relief.

*Shepard* held that a sentencing court could not look back to the police report to determine whether a burglary conviction was a violent felony offense under the Armed Career Criminal Act. This case does not affect Petitioner's sentence. *Shepard* did not overrule *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L.Ed.2d 350 (1998). Therefore, Petitioner's final ground for relief as supplemented should be dismissed.

5

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend (Docket No. 41) be granted.

**IT IS RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 39) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp<br>
United States Magistrate Judge

Date: August 23, 2005